1  Scott E. Gizer, State Bar Number 221962
       *sgizer@earlysullivan.com*
2  EARLY SULLIVAN WRIGHT
       GIZER & McRAE LLP
3  6420 Wilshire Boulevard, 17th Floor
   Los Angeles, California 90048
4  Telephone:  (323) 301-4660
   Facsimile:  (323) 301-4676
5
6  Attorneys for Defendant RANLife Inc. f/k/a
   Residential Acceptance Network, Inc.
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 RONALD BAYLISS and ROSE           Case No. 2:1 4-cv-0 1031 -PSG(AJWx)
   BAYLISS,
12                                    Superior Court Case No.: EC061924
                    Plaintiffs,
13                                    **DEFENDANT RESIDENTIAL**
        vs.                          **ACCEPTANCE NETWORK, INC'S**
14                                   **NOTICE OF MOTION AND**
   CALIBER HOME LOANS;               **MOTION TO DISMISS;**
15 CITIMORTGAGE INC.;                **MEMORANDUM OF POINTS AND**
   RESIDENTIAL ACCEPTANCE            **AUTHORITIES**
16 NETWORK, INC.; QUALITY HOME
   LOAN SERVICE CORP.;               [Honorable Judge Philip S. Gutierrez]
17 MORTGAGE ELECTRONIC
   REGISTRATION SYSTEM INC.;         Date:    March 24, 2014
18 AND DOES 1 through 20, inclusive, Time:    1:30 p.m.
                                     Ctrm:    880
19

20

21

22                 Defendants.

23

24

25

26

27

28

EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

                        **MOTION TO DISMISS**

                                                        47366.2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

     **PLEASE TAKE NOTICE THAT** on March 24, 2014, at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 880 of the above-entitled Court, located at 255 East Temple Street, Los Angeles, CA 90012, Defendant RANLife INC. f/k/a RESIDENTIAL ACCEPTANCE NETWORK, INC. ("RAN") will and hereby does move this Court for an order pursuant to Federal Rule of Civil Procedure 12(b) dismissing Plaintiffs RONALD AND ROSE BAYLISS' ("Plaintiffs") Complaint on the grounds that Plaintiffs fail to state a claim upon which relief may be granted in the Complaint.

     This Motion is based on this Notice, the following memorandum of points and authorities, the Request for Judicial Notice, and such further argument and matters as may be presented at or before the hearing on this Motion.

     Counsel for RAN made several attempts to contact counsel for Plaintiffs to fulfill the meet and confer requirements pursuant to Local Rule 7-3, but did not receive a response from Plaintiffs' counsel.

                        Respectfully submitted,

Dated:  February 20, 2014       EARLY SULLIVAN WRIGHT
                             GIZER & McRAE LLP

                          /s/ Scott E. Gizer
              By: _____
                        Scott E. Gizer
                        Attorneys for Defendant RANLife Inc.
                        f/k/a Residential Acceptance Network, Inc.


EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................1

II. OVERVIEW OF THE ALLEGATIONS OF THE COMPLAINT AND JUDICIALLY-NOTICEABLE FACTS..................................................2

III. ARGUMENT ........................................................................................4

    A. THE STANDARD FOR A MOTION TO DISMISS ............................4

    B. ALL OF PLAINTIFFS' FRAUD CLAIMS FAIL TO STATE A CLAIM ...........................................................................................5

        1. All of the fraud claims are time-barred .........................................5

        2. Plaintiffs' first cause of action for Fraudulent Concealment fails.........................................................................................6

        3. All of the remaining fraud claims fail ..........................................9

    C. PLAINTIFFS' FOURTH CASE OF ACTION FOR NEGLIGENCE FAILS ....................................................................11

    D. PLAINTIFFS' FIFTH CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY FAILS.................................................................12

    E. PLAINTIFFS' SIXTH CAUSE OF ACTION FOR BREACH OF CONTRACT FAILS ............................................................................14

    F. PLAINTIFFS' SEVENTH CAUSE OF ACTION FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 FAILS...............................................................15

    G. PLAINTIFFS' NINTH CAUSE OF ACTION FOR VIOLATION OF CIVIL CODE 2923.5 FAILS......................................16

IV. CONCLUSION .....................................................................................17



EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

47366.2

1

# <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

**Cases**

4

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ...................................................................................4

5

*Bank of America Corp. v. Superior Court of Los Angeles*,
6   198 Cal. App. 4th 862 (2011) ........................................................... 7, 8, 9

7

*Branch v. Tunnell,*
  14 F.3d 449 (9th Cir. 1994) .......................................................................4

8

*Casault v. Fed. Nat. Mortgage Ass'n*,
9   915 F. Supp. 2d 1113 (C.D. Cal. 2012) ....................................................5

10

*Casualty Ins. Co. v. Rees Inv. Co.,*
  14 Cal. App. 3d 716 (1971) .......................................................................6

11

*Clegg v. Cult Awareness Network,*
12   18 F.3d 752 (9th Cir. 1994) .......................................................................4

13

*Desert Outdoor Adver. v. Superior Court*, 196 Cal. App. 4th 866 (2011) ................11

14

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,*
  896 F.2d 1542, n. 19 (9th Cir. 1990) .......................................................4

15

*Howard v. Blue Ridge Bank*,
16   371 F. Supp. 2d 1139 (N.D. Cal. 2005) .................................................16

17

*Krantz v. BT Visual Images, LLC,*
  89 Cal. App. 4th 164 (2001) ...................................................................15

18

*Lazar v. Superior Court,*
19   12 Cal.4th 631, 638 (1996) ............................................................... 9,15

20

*Lee v. Escrow Consultants, Inc.,*
  210 Cal. App. 3d 915 (1989) ....................................................................5

21

<u>*Lopez v. McDonald's Corp.*</u>,
22   193 Cal. App. 3d 495, 238 Cal. Rptr. 436 (Ct. App. 1987) ...................12

23

*McKell v. Wash. Mut., Inc.,*
  142 Cal. App. 4th 1457 (2006) ...............................................................14

24

*Moore v. Kayport Package Express*, Inc.,
25   885 F.2d 531 (9th Cir. 1989) ..................................................................10

26

*Perlas v. GMAC Mortgage, LLC*,
  187 Cal. App. 4th 429 (2010) ................................................................ 8

27

*Roybal v. Equifax,*
28   405 F. Supp. 2d 1177 (E.D. Cal. 2005) .................................................16



EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

ii

**MOTION TO DISMISS**

47366.2

*Sanai v. Saltz,*
   170 Cal. App. 4th 746 (2009) ................................................................16

*Scolinos v. Kolts,*
   37 Cal. App. 4th 635 (1995) .................................................................14

*Skov v. U.S. Bank National Assn,*
   207 Cal.App.4th 690 (2012),,, ……………………………………………16

*Stalberg v. W. Title Ins. Co.,*
   230 Cal. App. 3d 1223 (1991) ...............................................................12

*Stanley v. Richmond,*
   35 Cal. App. 4th 1070, 41 Cal. Rptr. 2d 768 (1995) .............................12

*Swartz v. KPMG LLP,*
   476 F.3d 756 (9th Cir. 2007) ...................................................................7

*Ventura County Nat.l Bank v. Macker,*
   49 Cal. App. 4th 1528 (1996) ..................................................................5

*Vess v. Ciba–Geigy Corp. USA,*
   317 F.3d 1097 (9th Cir. 2003) ..................................................................7

*Winn v. McCulloch Corp.,*
   60 Cal. App. 3d 663 (1976) ......................................................................5


**Statutes**

15 U.S.C.
   § 1681p …………………………………………………………………… 16
   § 1681s-2……………………………………………………………………… 16

Bus. Prof. Code
   §17200………………………………………………………….......... 15

Code Civ. Proc.
   § 338(d) …………………………………………………………………………5
   § 343…………………………………………………………………………12
   § 339……………………………………………………………………………11
   § 430.10(g) …………………………………………………………………14
   § 2923.5 …………………………………………………………..…………16,17

Fed.R.Civ.P.
   9(b). ..................................................................................................7


EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

**MOTION TO DISMISS**

47366.2

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.      INTRODUCTION

As this Court is well-aware, due to the unfortunate economic downturn in the recent years, many homeowners are facing foreclosure and have initiated litigation to delay or hinder lenders' effort to foreclose upon their properties.  This had led to multiple lawsuits filed by plaintiffs' lawyers using form complaints that allege improper real estate lending practices, whether or not such practices are applicable in that lawsuit.

This case is no different.  Although Plaintiffs Ronald and Rose Bayliss ("Plaintiffs") have nearly 70 pages of allegations in their complaint, there is a dearth of allegations regarding Plaintiff's particular loan; instead Plaintiffs have set forth numerous allegations regarding generic predatory lending practices that appear to have little or nothing to do with their actual loan.  Indeed, Plaintiffs have set forth allegations regarding the ills and resulting damages of receiving an Option ARM loan, but as shown through the judicially-noticed facts, Plaintiffs received a fixed-rate mortgage.  Likewise, Plaintiffs allege that they were not aware of the terms of the subject loan, but the promissory note—which Plaintiffs both signed—clearly states that the subject loan is a 30 year loan with an 8.75% interest rate, with monthly payments of $4,590.  Request for Judicial Notice ("RJN"), Exhibit 3.

Unsurprisingly, Plaintiffs' causes of action fail because they are supported by conclusory allegations— not facts or the actual loan documents, which Plaintiffs have conveniently failed to attach to the Complaint.  Accordingly, Defendant RANLife Inc. f/k/a Residential Acceptance Network ("RAN"), the originator of the refinance mortgage on Plaintiffs' real property located at 1024 Sunmore Lane, Altadena, CA ("Property"), has brought this motion on the following grounds.

First, the entire complaint is barred by the applicable statutes of limitation. Although Plaintiffs have alleged that they should be entitled to the equitable tolling to cure the statute of limitations issues with respect to their entire complaint, they have

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

47366.2

failed to allege any facts that would support the application of such rule.  Plaintiffs have utterly failed to allege any facts as to why—more than six years after they received a loan from RAN—that they have just now discovered loan origination violations and improper lending practices.

Second, even if the statute of limitation issues could be cured, all of Plaintiffs' claims are riddled with flaws that warrant dismissal, including:

- Plaintiffs' failure to allege the fraud causes of action (Fraudulent Concealment, Intentional Misrepresentation, Negligent Misrepresentation, and Fraudulent Inducement) with the requisite specificity;
- The judicially noticeable facts and Plaintiffs' own allegations undermine Plaintiffs' claims that there was any breach of a duty (fiduciary or otherwise) and Plaintiffs cannot establish a sufficient causal connection between the purported breaches and the alleged harm;
- Plaintiffs' failure to allege the existence of a contract to support its breach of contract claim; and
- Plaintiffs have failed to identify a proper basis on which their Violation of Business and Professions Code section 17200 claim may be brought.

Accordingly, for these and all the reasons set forth in these moving papers, RAN respectfully requests that this Court grant RAN's motion.

## II.   OVERVIEW OF THE ALLEGATIONS OF THE COMPLAINT AND JUDICIALLY-NOTICEABLE FACTS

In the complaint, Plaintiffs have made several allegations that are not supported by the judicially noticeable facts, including, among others, that they received an option ARM loan, that they were seeking a loan to purchase a new home, and that MERS was the trustee under the original deed of trust.  *See* Complaint, ¶¶ 6, 46, 203.  In reality, on or about April 6, 2007, Plaintiffs entered in a thirty-year fixed rate refinance loan with RAN for a total loan amount of $616,500 at 8.75% interest



EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

(the "Loan").  RJN, Ex. 3  The loan was secured by a deed of trust dated April 6, 2007, which names Placer Title as the trustee.  RJN, Ex. 1

Similarly, Plaintiffs allege that they were unaware of the financing put in place in connection with their refinance loan from RAN, (Complaint, ¶ 52) even though the promissory note dated April 6, 2007 (the "Promissory Note") clearly states the terms of the loan (i.e., 30 year, 8.75%, with monthly payments of $4,590).  RJN, Ex. 3  And, at the time this loan was originated, Plaintiff executed a Truth in Lending Disclosure Statement, which accurately disclosed the material terms of the note.  RJN, Ex. 2.

Plaintiffs also offer a host on conclusory allegations regarding the purported negligent and fraudulent conduct of the defendants, including RAN.  For example, Plaintiffs allege that RAN employees purportedly took it upon themselves to determine how much Plaintiffs could afford, and fraudulently overstated Plaintiffs' incomes and negligently obtained an over inflated appraisal for the Property.  *Id.* at ¶¶ 47-50.  However, Plaintiffs offer no supporting facts for how much Plaintiffs could actually afford, what Plaintiffs' actual incomes were versus what RAN employees purportedly overstated them as, and the allegedly inflated value of the Property versus the actual value of the Property.

Likewise, Plaintiffs also set forth myriad conclusory allegations regarding the defendants' (including RAN) fraudulent loan schemes, but do not offer any supporting facts, names of RAN employees, nor specific allegations of how the purported schemes apply here.

Plaintiffs also attempt to plead that they were unaware of any of the purportedly fraudulent or otherwise tortious conduct giving rise to their causes of action until December 2013, more than six years after they obtained the Loan, when they sought assistance from their current attorney.  Complaint, ¶ 72.  Notably, this allegation is undermined by their allegations that they received proceeds from the Loan, and made the monthly payments under the Loan until at least December 2010.

EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

3
**MOTION TO DISMISS**

47366.2

1   Complaint, ¶¶ 56, 63.

2        Finally, Plaintiffs acknowledge that RAN is no longer the holder or servicer of

3   the note, but nevertheless attempt to impose liability on RAN for the foreclosure

4   efforts of subsequent holders of the security interest against the Property.  *See*

5   Complaint, ¶¶ 45, 61, 67.

6   **III.   ARGUMENT**

7        **A.   The Standard for a Motion to Dismiss**

8        Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim

9   for "failure to state a claim upon which relief can be granted[.]"  To survive a motion

10  to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

11  "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662,

12  678 (2009) (internal citations and quotations omitted).  This tenet—that the court

13  must accept as true all of the allegations contained in the complaint—"is inapplicable

14  to legal conclusions." *Iqbal*, 556 U.S. at 678.  Accordingly, "[t]hreadbare recitals of

15  the elements of a cause of action, supported by mere conclusory statements, do not

16  suffice." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads

17  factual content that allows the court to draw the reasonable inference that the

18  defendant is liable for the misconduct alleged." *Id.*  Factual allegations that only

19  permit the court to infer "the mere possibility of misconduct" do not show that the

20  pleader is entitled to relief as required by Rule 8. *Id.*  at 679.

21       In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the

22  contents of the complaint and material properly submitted with the complaint. *Clegg*

23  *v. Cult Awareness Network,* 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios,*

24  *Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990).  Under

25  the incorporation by reference doctrine, the court may also consider documents

26  "whose contents are alleged in a complaint and whose authenticity no party

27  questions, but which are not physically attached to the pleading." *Branch v. Tunnell,*

28  14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

1  (9th Cir. 2002); *Casault v. Fed. Nat. Mortgage Ass'n*, 915 F. Supp. 2d 1113, 1120
2  (C.D. Cal. 2012).

3       **B.     All of Plaintiffs' Fraud Claims Fail to State a Claim**

4       Plaintiffs have alleged a variety of fraud claims against RAN, including their
5  first cause of action for fraudulent concealment, their second cause of action for
6  intentional misrepresentation, their third cause of action for negligent
7  misrepresentation, and the thirteenth cause of action for fraudulent inducement, all
8  purportedly arising out of RAN's origination of Plaintiffs' refinance loan for the
9  Property in 2007.  As detailed below, all of these claims fail because they are time-
10 barred.  In addition, for the reasons stated below, each of the fraud claims is
11 individually flawed and subject to dismissal.

12            **1.     All of the fraud claims are time-barred**

13      All of the fraud claims are barred by their applicable statute of limitations.
14 Indeed, the fraud causes of action set forth in the Complaint against RAN have
15 statutes of limitations that range from two to three years.  Intentional fraud claims are
16 subject to a three-year statute of limitations.  Code Civ. Proc. § 338(d); *Winn v.*
17 *McCulloch Corp.,* 60 Cal. App. 3d 663, 672 (1976) ("The statute of limitations... for
18 fraud is three years").  Negligent misrepresentation actions have a two year statute of
19 limitations.  *Ventura County Nat.l Bank v. Macker,* 49 Cal. App. 4th 1528, 1530-31
20 (1996) (affirming two year statute of limitations for negligent misrepresentation).
21 The fraud claim accrues when a fraud claimant has "the opportunity to obtain
22 knowledge from sources open to his investigation. . . ."  *Lee v. Escrow Consultants,*
23 *Inc.*, 210 Cal. App. 3d 915, 921 (1989).

24      Here, RAN originated a loan that was made on or around April 6, 2007, nearly
25 seven years ago.  *See* Complaint, ¶ 44.  Virtually all of the focus of Plaintiffs'
26 complaint against RAN arises out of purported representations made during the loan
27 origination period, *i.e.*, prior to April 6, 2007.  Thus, after the loan closed in April
28 2007, Plaintiffs had an opportunity to investigate any alleged fraud.  Moreover, when

EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

Plaintiffs began receiving monthly statements after the loan closed in April 2007, they had additional opportunities to investigate any additional fraud.  However, Plaintiffs did not file this action until December 2013, more than six years later.  For this reason alone, Plaintiffs' first, second, third, and thirteenth causes of action fail as a matter of law.

Perhaps recognizing their claims are time-barred, Plaintiffs have set forth conclusory allegations that they did not discover the alleged fraud until December 2013.  See Complaint, ¶ 72.  These conclusory allegations do not save Plaintiffs, because a plaintiff must plead specific facts to justify application of the doctrine of equitable tolling.  *See Casualty Ins. Co. v. Rees Inv. Co.,* 14 Cal. App. 3d 716, 719-720 (1971) (when "it is apparent from the face of the pleading that the statute of limitations has run, in order to avoid the bar of the statute, the plaintiff must state, *with particularity,* facts, rather than conclusions, that excuse his or her failure to learn of the fraud within the statutory period") (emphasis added).

Here, Plaintiffs fail to do so.  They do not allege any facts demonstrating why they did not discover their claim until the past year.  Simply put, their conclusory allegation that they failed to discover the fact giving rise to their fraud claim is insufficient.  *See Id*.  Therefore, their fraud claims are time-barred and fail as a matter of law.

## 2.   Plaintiffs' first cause of action for Fraudulent Concealment fails

Even if Plaintiffs' claim for fraudulent concealment were not time-barred, the claim is still flawed.  To state a claim for fraudulent concealment, Plaintiffs must establish the following: 1) Defendants concealed or suppressed a material fact; 2) Defendants had a duty to disclose the fact to Plaintiffs; 3) Defendants intentionally concealed or suppressed the fact with an intent to defraud Plaintiffs; 4) Plaintiffs were unaware of the fact and would not have acted had they known; and 5) as a result of the concealment or suppression, Plaintiffs suffered damages.  *Bank of America*

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

*Corp. v. Superior Court of Los Angeles*, 198 Cal. App. 4th 862, 870 (2011).  As with any type of fraud claim, under Federal Rule of Civil Procedure 9(b), a party alleging fraud or intentional misrepresentation must satisfy a heightened pleading standard by stating with particularity the circumstances constituting fraud.  Fed.R.Civ.P. 9(b).  Specifically, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quotation omitted).  Further, "a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.*  A plaintiff must also differentiate his allegations when suing more than one defendant, especially in the context of fraud claims.  *Swartz v. KPMG LLP*, 476 F.3d 756, 765–66 (9th Cir. 2007).

Here, Plaintiffs' fraudulent concealment claim is premised upon the notion that RAN and the other defendants were under some obligation to Plaintiffs to disclose information regarding an unspecified loan product, including RAN's alleged lending standards and practices in connection therewith, as well as an obligation to advise Plaintiffs whether they could afford their loan.  *See* Complaint, ¶¶ 59, 60, 66, 82.  This claim fails for multiple reasons.

First, Plaintiffs have failed to allege the fraudulent concealment claim with the requisite specificity.  In fact, for the most part, Plaintiffs do not even attempt to separate the multiple defendants, who were involved with the loan in different roles at different times, in the pleading.  The failure to comply with the pleading standards under Federal Rule of Civil Procedure 9(b) alone dooms the claim.

Second, RAN did not owe any duty to inform Plaintiffs of its purportedly fraudulent lending standards and practices.  Even assuming *arguendo*, that RAN's lending standards or practices were somehow fraudulent (which they were not), there is simply no duty to disclose such information to borrowers, such as Plaintiffs; instead, the only duty owed is to RAN's investors, and such duty would only be to

**MOTION TO DISMISS**

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

47366.2

refrain from engaging in fraudulent practices, as opposed to disclosing that such practices took place.  *See Bank of America Corp.*, 198 Cal. App. 4th at 872-73 (explaining that while lender had a duty to refrain from committing fraud, it had no independent duty to disclose to its borrowers its alleged intent to defraud its investors).

Third, even assuming that RAN owed a duty to Plaintiffs that was above and beyond that of a normal lender that required RAN to advise Plaintiffs regarding Plaintiffs' ability to repay the loan,[1] RAN fulfilled that duty by explicitly stating the fixed monthly payment that Plaintiffs would be required to pay every month in the Promissory Note.  Common sense dictates that Plaintiffs cannot blame RAN if they somehow could not calculate on their own whether they could afford the $4,590 a month payment.  Moreover, Plaintiffs have failed to allege any facts to support that they could not afford such payments or why Plaintiffs' inability to afford such payments should be pinned on RAN.

Fourth, Plaintiffs cannot prove that any of the purportedly concealed facts were the legal cause of the harms that Plaintiffs allegedly suffered—a decrease in their "value of their primary residences," the loss of equity in their houses, and bad credit scores.  Complaint, ¶ 85-88.  Simply put, there is no casual nexus between the alleged fraudulent concealment of the and the purported economic harm that Plaintiffs have suffered, because *regardless of where the loan was obtained from*, the economic downtown caused many homeowners to have decreased home values, losses of home equity, and poor credit scores.  In fact, virtually identical allegations were made in the *Bank of America* case, and rejected on the grounds that the purported harm was not proximately caused by the concealment of certain lending practices and procedures:

---

[1] Ordinarily, a lender does not owe a borrower any duty in approving their loan, and a lender is under no duty to determine the borrower's ability to repay a loan.  *Perlas v. GMAC Mortgage, LLC*, 187 Cal. App. 4th 429, 436 (2010).

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

47366.2

Paragraph 339 of the TAC alleges: "As a proximate result of the foregoing concealment by Defendants, California property values have precipitously declined *and continue to decline, gravely damaging Plaintiffs by materially reducing the value of their primary residences, depriving them of access to equity lines, second mortgages and other financings previously available based upon ownership of a primary residence in California, in numerous instances leading to payments in excess of the the value of the their properties, thereby resulting in payments with no consideration and often subjecting them to reduced credit scores (increasing credit card and other borrowing costs) and reduced credit availability." (Italics added.)

The defect in this allegation is that homeowners who did not obtain loans from Countrywide likewise suffered a decline in property values, a decline in their home equity, and reduced access to their home equity lines of credit. Irrespective of whether a homeowner obtained a loan from Countrywide, or obtained a loan through another lender, or whether a homeowner owned his or her home free and clear, all suffered a loss of home equity due to the generalized decline in home values. That being the case, there is no nexus between the alleged fraudulent concealment by Countrywide and the economic harm which these plaintiffs/borrowers have suffered.

*Bank of Am. Corp.*, 198 Cal. App. 4th at 873. Plaintiffs' allegations here must be rejected too because they simply cannot establish a sufficient causal nexus between the purported conduct and the alleged harm.

### 3. All of the remaining fraud claims fail

Even assuming that the fraud claims were not time-barred, such claims are still subject to dismissal because Plaintiffs have failed to plead the requisite elements of such claims. To plead a cause of action for fraud, a plaintiff must allege (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or "scienter"); (3) intent to defraud, *i.e.*, to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996). The heightened pleadings standards under Federal Rule of Civil Procedure 9(b) requires that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This "particularity" requirement means that a plaintiff must specifically plead (1) the contents of the

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

misrepresentation, (2) the identity of the speaker and his or her authority to speak, (3) when and where the statements were made, (4) whether the statements were oral or written and, in the latter instance, the specific documents containing the representations, and (5) the manner in which the representations are allegedly false or misleading.  *See Moore v. Kayport Package Express*, Inc., 885 F.2d 531, 549 (9th Cir. 1989).

Here, all of Plaintiffs' remaining fraud claims (i.e., intentional misrepresentation, negligent misrepresentation, and fraudulent inducement) fail for multiple reasons.

First, all of the remaining fraud claims are not plead with the requisite specificity.  With respect to the intentional and negligent misrepresentation claims, Plaintiffs throw around a number of allegations regarding purported misrepresentations, but do not bother to even identify which among the multiple defendant made such representations, much less the specific employees of any particular defendant or their authority to speak.  Likewise, Plaintiffs make no attempt to differentiate between the multiple defendants in the fraudulent inducement claim. For this reason alone, the claims fail.

Second, although the Plaintiffs imply that the defendants, possibly including RAN, duped Plaintiffs into a loan that they could not afford or were not qualified for, there is simply no basis for the Plaintiffs' purported reliance on such statements given that the Promissory Note makes it clear that the monthly mortgage payment for thirty years after the Loan was signed is $4,590, and the Truth in Lending Disclosures explicitly state the monthly payments and total amount of the loan.  *See* RJN, Exs. 2-3. Thus, regardless of whatever purported representations were allegedly made, Plaintiffs had no reason to rely on such representations in light of the explicitly stated monthly payment amounts in the Promissory Note and the Truth in Lending Disclosures.  This is the case, even if Plaintiffs did not read the Promissory Note, because as a matter of law, it is simply not reasonable to fail to read a contract.



**MOTION TO DISMISS**

47366.2

*Desert Outdoor Adver. v. Superior Court*, 196 Cal. App. 4th 866, 873 (2011) ("generally, it is *not reasonable* to fail to read a contract; this is true even if the plaintiff relied on the defendant's assertion that it was not necessary to read the contract." ) (internal citations and quotations omitted).

Third, the entirety of Plaintiffs' thirteenth cause of action for fraudulent inducement is fatally flawed because it is premised upon the notion that Plaintiffs received an Option ARM loan. *See* Complaint, ¶¶ 201-208. However, the Promissory Note is a fixed rate loan, and not an Option Arm loan. *See* RJN, Ex. 3. Thus, the entire cause of action should be dismissed because it has no applicable to the Plaintiffs and the actual loan they received.

For all of these reasons, Plaintiffs' second, third, and thirteenth causes of action should be dismissed without leave to amend.

### C.    Plaintiffs' Fourth Case of Action for Negligence Fails

Plaintiffs' negligence claim is also fatally flawed.  As an initial matter, like the other claims against RAN, Plaintiffs' negligence claim is time-barred by the applicable statute of limitations, which is two years for negligence claims.  Code Civ. Proc., § 339.  Here, the purported negligence conduct all relates to the loan origination and terms—all of which took place over six years ago.  In fact, the crux of Plaintiffs' negligence claim is that RAN (and the other defendants) breached a duty by purportedly placing Plaintiffs in a loan that they could not afford.[2]  In light of the fact that Plaintiffs had fixed monthly payments, the Plaintiffs could have discovered whether or not they could afford the loan when they started making payments in 2007.  As such, there is no question that the statute of limitations would begin to run in 2007 and would have run out in 2009.

_____

[2] Plaintiffs also allege that RAN and the other defendants breached their duties to Plaintiffs by allowing Plaintiffs' unemployment policy to lapse.  Complaint, ¶ 123. Although it is entirely unclear how RAN or the other defendants could have been involved in insuring that Plaintiffs' unemployment policy to lapse, because RAN's involvement in the loan ended shortly after the transaction closed in April 2007, this purported breach would also be time-barred.

**MOTION TO DISMISS**



EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

47366.2

In any event, Plaintiffs' claim for negligence also fails because the Plaintiffs have not alleged a sufficient causal connection, i.e., that but for RAN's purported conduct, the purported damages would not occur. *See Lopez v. McDonald's Corp.*, 193 Cal. App. 3d 495, 513-14, 238 Cal. Rptr. 436, 447-48 (Ct. App. 1987) (claim for negligence requires showing of a causal connection between the alleged conduct and the harm). Here, Plaintiffs have alleged that they were harmed because they can no longer afford their payments, causing their credit to be ruined and their home to be in foreclosure. Complaint, ¶ 124. However, since the subject loan has a fixed monthly payment, the fact that Plaintiffs "can no longer" afford their payments, cannot have been caused by RAN because if Plaintiffs could initially afford the fixed monthly payment, their inability to afford it later was necessarily not caused by RAN's conduct in the origination of the loan. In other words, if Plaintiffs could initially afford the $4590 monthly payment, but could not afford it later on, there is not a sufficient causal connection between RAN's conduct in the origination of the loan and such harm. For this reason too, Plaintiff's fourth cause of action for negligence should be dismissed without leave to amend.

### D.   Plaintiffs' Fifth Cause of Action for Breach of Fiduciary Duty Fails

The elements of a cause of action for breach of fiduciary duty are: (1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach. *Stanley v. Richmond*, 35 Cal. App. 4th 1070, 1086, 41 Cal. Rptr. 2d 768, 776 (1995). The statute of limitations for breach of fiduciary duty is, at the most, four years. Code Civ. Proc. § 343; *Stalberg v. W. Title Ins. Co.*, 230 Cal. App. 3d 1223, 1230 (1991). As detailed below, Plaintiffs' claim for breach of fiduciary duty fails for several reasons.

First, Plaintiffs' claim is time-barred because all of the purported conduct giving rise to the claim occurred in connection with the origination of the subject loan, which happened more than six years ago. Unlike some other causes of action, Plaintiffs do not even attempt to allege any reason for the equitable tolling of the

EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

12
**MOTION TO DISMISS**

47366.2

statute of limitations.  If anything Plaintiffs' own allegations make it clear that the statute of limitations have already run out.  For example, Plaintiffs allege that RAN and the other defendants breached their fiduciary duties by securing a "secret profit."  Complaint, ¶ 133.  Elsewhere in the Complaint, Plaintiffs allege that they purportedly received a smaller check from RAN than expected and attempted to question RAN regarding the amount of the check.  Complaint, ¶ 63.  Given that RAN originated the loan and the check would have been provided to Plaintiffs within a few months of the loan's closing in April 2007, the purported "secret profit" would have been discovered years ago, thereby starting the four-year clock on the statute of limitations, which would have run out, at best, in or around 2012.

Second, although Plaintiffs have set forth general, conclusory allegations regarding the defendants' alleged breaches, such allegations are either belied by the Promissory Note or Plaintiffs fail to set forth any facts that would support such allegations.  For example, Plaintiffs summarily allege that RAN and the defendants breached their duties by purportedly failing to obtain a mortgage with favorable terms for Plaintiffs and purportedly failing to disclose the negative consequences of the loan terms.  Complaint, ¶ 133.  Yet, there are no allegations as to why the actual loan Plaintiffs received (*i.e.*, a fixed-rate loan ) was not a mortgage on favorable terms for Plaintiffs.  Instead, Plaintiffs set forth allegations regarding the unfavorable terms of an Option ARM loan, (*See* Complaint, ¶¶ 202-204) which they did not even have.  *See* RJN, Ex. 3, §§ 2, 3.  As such, it is unclear how RAN breached its fiduciary duties by obtaining a fixed-interest rate loan for Plaintiffs.  Likewise, while there may be allegations in the Complaint regarding the negative consequences of a loan that Plaintiffs did not receive (*i.e.*, an Option ARM loan), those allegations are irrelevant given that Plaintiffs indeed received a fixed-rate loan with consequences that were clearly and understandably spelled out on the face of the Promissory Note.

Third, for the reasons stated above, Plaintiffs have not and cannot allege a sufficient nexus between their alleged damages and the purported breaches.

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

47366.2

1  For all of these reasons, the fifth cause of action for breach of fiduciary duty
2  should be dismissed without leave to amend.

3  **E.     Plaintiffs' Sixth Cause of Action for Breach of Contract Fails**

4  In order to plead a valid cause of action for breach of contract, as Plaintiffs
5  apparently seek to do here, a pleader must allege the existence of a contract,
6  plaintiffs' performance or excuse for failure to perform, defendant's breach and
7  damages. *McKell v. Wash. Mut., Inc.,* 142 Cal. App. 4th 1457, 1489 (2006). Here,
8  Plaintiffs have failed to allege the first essential element (much less the second, third
9  or fourth). To survive dismissal at the pleading stage, a plaintiff must allege either
10  the express terms of a contract or its "legal intendment and effect." *Scolinos v. Kolts,*
11  37 Cal. App. 4th 635, 640 (1995). Plaintiffs do neither—in fact, one cannot tell who
12  the parties to the contract were as Plaintiffs have indicated that the subject contract is
13  with all of the defendants— much less what the contract required of those parties
14  (and thus, how the acts alleged in the remaining paragraphs of this cause of action
15  amounted to a "breach" of that elusive contract). Nor do Plaintiffs allege whether the
16  contract was written, oral or implied by conduct. Code Civ. Proc. § 430.10(g). For
17  these reasons alone, the claim fails.

18  Even if the Court was to assume that Plaintiffs are attempting to allege that the
19  subject contract is the Promissory Note, it is entirely unclear how the following
20  purported breaches would actually be considered breaches under the terms of the
21  Promissory Note:

22  138. Plaintiffs attempted to perform their duties under the loan contract.
    However
23  after the loan agreement was signed, Plaintiffs' payments increase
24  substantially and Defendant failed to refinance the mortgage as
    promised.
25

26  139. Defendants breached their agreement to Plaintiffs to provide
    Plaintiffs with a
27  affordable loan or a favorable rate.

28



EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

140. Defendants breached their agreement to Plaintiffs by failing to maintain the unemployment insurance policy.

Complaint, ¶¶ 138-40.

To be clear, the Promissory Note between Plaintiffs and RAN—which is the only agreement regarding the loan between these parties—does not contain terms that would give rise to these breaches or explicitly bars such obligations.  For example, the payments under the Promissory Note did not increase, instead as explicitly stated, the monthly payments were $4950.  RJN, Ex. 3, § 3.  On the first page of the Promissory Note, there is also a clear statement, that the lender is not under an obligation to refinance the loan.  *Id.*  Further, nothing in the Promissory Note suggests that RAN was required to maintain an unemployment insurance policy for Plaintiffs.

Although Plaintiffs could certainly amend the complaint to cure the deficiencies with regard to the existence of a contract, Plaintiffs cannot fix the fact that there is no contract in existence between RAN and Plaintiffs that could give rise to the purported breaches.  As such, the breach of contract claims fails and should be dismissed without leave to amend.

**F.     Plaintiffs' Seventh Cause of Action for Violation of Business and Professions Code Section 17200 Fails**

Plaintiffs' seventh cause of action for violation of California's Unfair Competition Law (or "UCL"), as codified in Section 17200 of the California Business and Professions Code, also fails.  A UCL claim requires an underlying violation of law to sustain a cause of action.  *Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (1999).  Thus, a defense to the predicate claim is a defense to the alleged violation of the UCL.  *Krantz v. BT Visual Images, LLC*, 89 Cal. App. 4th 164, 178 (2001) (the viability of a UCL claim stands or falls with the antecedent substantive causes of action).

Here, Plaintiffs' UCL claim is largely predicated on Plaintiffs' fraud claims,

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

which fail for the reasons stated above.  The remainder of Plaintiffs' UCL claim is based on purported violations of the Fair Credit Reporting Act ("FCRA").  Complaint, ¶ 148.  This portion of the claim also fails for two reasons.

First, the FCRA preempts Plaintiffs' UCL claim.  *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1178 n.1, 1181 (E.D. Cal. 2005) ("On its face, the FCRA precludes all state statutory or common law causes of action" including claims arising from negligence, negligent misrepresentation, the Unfair Business Practices Act, the Consumer Legal Remedies Act, and the Fair Debt Collection Practices Act.); *Sanai v. Saltz*, 170 Cal. App. 4th 746, 753, 773 (2009) (The FCRA "totally preempts all state common law tort claims against furnishers of credit information arising from conduct regulated by 15 U.S.C. § 1681s-2, including [plaintiff's] common law tort claims [of slander, libel, intentional and negligent interference with prospective economic advantage, and intentional and negligent infliction of emotional distress.]").  As a matter of law, Plaintiffs cannot invoke Section 17200 to evade FCRA preemption.  *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1143-44 (N.D. Cal. 2005).

Second, even assuming that Plaintiffs could based their UCL claim on FCRA violations, the claim still fails because the statute of limitations for a claim under the FCRA, which is the earlier of either two years after discovery of a violation of the FCRA or five years after the violation, (*See* 15 U.S.C.A. § 1681p) already ran out in 2013. Accordingly, Plaintiffs' UCL claim should be dismissed as well.

## G.    Plaintiffs' Ninth Cause of Action for Violation of Civil Code 2923.5 Fails

Plaintiffs' ninth cause of action for violation of Civil Code section 2923.5 is dead on arrival because RAN, who no longer is the holder of the note, cannot have been involved in the foreclosure proceedings.[3]  In fact, as acknowledged by

---

[3] In any event, the only remedy for a violation of Section 2923.5 is a postponement of the foreclosure sale to comply with the statute.  *Skov v. U.S. Bank National Assn,* 207 Cal.App.4th 690, 696 (2012).


EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

1   Plaintiffs, RAN is not the current holder of the Promissory Note— RAN originated
2   the subject loan and then transferred it to defendant Citimortgage Inc.— and is not
3   alleged to be involved in the foreclosure proceedings.  *See* Complaint, ¶¶ 7-9.  As a
4   result, any purported violation of Section 2923.5, which requires a note holder to
5   contact a distressed borrower "to assess the borrower's financial situation and explore
6   options for the borrower to avoid foreclosure," prior to recording a notice of default,
7   does not involve RAN.  For this reason, the ninth cause of action should be dismissed
8   without leave to amend.

9   **IV.   CONCLUSION**

10      For the foregoing reasons, RAN respectfully requests that the Court grant its
11  Motion to dismiss Plaintiffs' Complaint in its entirety and without leave to amend.

13                                   Respectfully submitted,

14  Dated:  February 20, 2014          EARLY SULLIVAN WRIGHT
                                         GIZER & McRAE LLP

16                                         Scott E. Gizer
                                     By: */s/*_____
17                                         Scott E. Gizer
                                           Attorneys  for  Defendant  RANLife  Inc.
18                                         f/k/a Residential Acceptance Network, Inc.

